FILED

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILL MOSES PALMER, III,

        Plaintiff - Appellant,

  v.

G. R. SALAZAR; E. SANCHEZ,

        Defendants - Appellees.

No. 11-17011

D.C. No. 3:08-cv-05378-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Will Moses Palmer, III, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging due

process violations in connection with a disciplinary hearing. We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Palmer failed to raise a genuine dispute of material fact as to whether he was improperly denied procedural protections during his disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 564-70 (1974) (describing minimum procedural due process protections in prison disciplinary proceedings and noting that the "full panoply of rights" due a defendant in criminal proceedings does not apply).

The district court did not abuse its discretion in staying discovery pending a ruling on defendants' summary judgment motion. *See Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) ("Qualified immunity confers upon officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." (citation and internal quotation marks omitted)); *Alaska Cargo Transp., Inc. v. Alaska R.R.*, 5 F.3d 378, 383 (9th Cir. 1993) (setting forth standard of review).

**AFFIRMED.**

11-17011